# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2022

Lyle W. Cayce
Clerk

No. 21-20550

Candice Hinton, *individually as personal representative of* The Estate of Rodrin Hinton *and as parent and natural guardian of* her minor children RH and CH *and next friend of* IH and KH; State of Alaska, *as ward of* AH; Brittany Kuka, *parent and guardian of* KH; Nicholas Kuka, *parent and guardian of* KH,

*Plaintiffs—Appellants*,

*versus*

Harris County, *care of* Honorable Ed Emmett,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-cv-912

Before Smith, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-20550

Rodrin Hinton died unexpectedly in the Harris County Jail. His wife and other plaintiffs sued Harris County under the Fourteenth Amendment. The district court granted summary judgment to the County. We affirm.

I.

The following narrative presents the facts in the light most favorable to the plaintiffs. *Loftin v. City of Prentiss*, 33 F.4th 774, 779 (5th Cir. 2022) (noting we also "draw[] all reasonable inferences in the nonmovant's favor" at the summary-judgment stage (quotation omitted)). Rodrin Hinton was a pretrial detainee in the Harris County Jail. While there, he got into a fight with another detainee. Hinton walked away without any apparent serious injuries, but he was short of breath. Detention Officer Brandon Morehouse therefore started walking him to the jail's medical clinic. On the way, Hinton asked to lie down and rest, requested water, and said he was having a hard time breathing. Hinton also fell down once on the way to the clinic. Upon arriving at the clinic, Morehouse and another officer picked Hinton up and put him in a chair for medical examination.

At the clinic, Nurse Amanda Cooper examined Hinton. Cooper was a Licensed Vocational Nurse ("LVN"). But before Cooper did a full examination or a triage, Hinton refused medical care. Hinton declined to sign a form acknowledging the refusal, so Morehouse and a nurse witnessed his refusal.

Cooper later testified that nobody had told her about Hinton's prior difficulties and that he seemed to be breathing normally while in the clinic. The plaintiffs dispute those assertions, though, so we will assume they are false for purposes of this appeal. After Hinton refused care, Morehouse walked him to a holding cell. On the way, Hinton lost his balance more than once and needed help getting to his feet. He also had trouble breathing. But he did not ask for help. Nor did he ask to go back to the clinic.

No. 21-20550

Morehouse left Hinton unattended in the cell for a few minutes to get some paperwork. When Morehouse returned, Hinton was lying on the floor, breathing heavily, and not responding to questions. Morehouse summoned other officers for help, and they performed CPR while waiting for medical professionals to arrive. The Houston Fire Department transported Hinton to the hospital, where he was pronounced dead.

The plaintiffs filed this suit in district court. Relevant here, they brought a Fourteenth Amendment claim against Harris County under 42 U.S.C. § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The district court granted Harris County summary judgment on that claim. The plaintiffs timely appealed. As noted, we view the facts underlying a summary-judgment grant in the light most favorable to the nonmovants and draw all reasonable inferences in their favor. *Loftin*, 33 F.4th at 779. Our review is *de novo*. *Id.*

## II.

The district court did not err. That is because (A) neither Morehouse nor Cooper violated Hinton's constitutional rights, and (B) a *Monell* claim requires an underlying constitutional violation. We need not resolve plaintiffs' argument (C) that the district court abused its discretion by denying leave to amend the complaint because we would affirm the district court either way.

## A.

According to precedent, the Fourteenth Amendment guarantees that pretrial detainees will not "have their serious medical needs met with deliberate indifference on the part of . . . confining officials." *Thompson v. Upshur County*, 245 F.3d 447, 457 (5th Cir. 2001). "To establish a constitutional violation [on this theory], a plaintiff must show that the defendant: (1) was aware of facts from which the inference could be drawn

that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk." *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (quotation omitted).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Tex. Dep't of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001). A "plaintiff must show that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Id.* (quotation omitted). "And[] the failure to alleviate a significant risk that [the official] should have perceived[] but did not is insufficient to show deliberate indifference." *Id.* (quotation omitted). The plaintiffs cannot make the required showing as to either (1) Morehouse or (2) Cooper.

1.

The plaintiffs say Morehouse was deliberately indifferent to the risk that Hinton would suffer serious harm. They point to two facts in support. First, before Morehouse brought Hinton to the medical clinic, Morehouse could see that Hinton was having a hard time breathing and maintaining his balance. Second, after Hinton had been to the clinic, Morehouse nevertheless put him in a holding cell and walked away for about 10 minutes to get some paperwork.

That is not enough to establish deliberate indifference. As the district court noted, the plaintiffs cannot point to any evidence that shows Morehouse was *subjectively aware* of a substantial risk that harm would befall Hinton. *Domino*, 239 F.3d at 756.

The plaintiffs do argue that Morehouse was subjectively aware of Hinton's difficulty breathing. But that argument ignores the obvious and uncontested timeline: By the time Morehouse dropped Hinton off in the holding cell, Hinton had already been to the medical clinic, seen a nurse, and refused treatment. It is hard to imagine what Morehouse should have done

differently—and even harder to imagine that he contemplated and ignored a serious medical risk.

Because the plaintiffs cannot show Morehouse had subjective knowledge of the risk, they cannot show he disregarded that risk in violation of the Fourteenth Amendment. *Domino*, 239 F.3d at 756.

2.

As for Cooper, the plaintiffs argue as follows. First, various detention officers recognized that Hinton was having difficulty breathing before he arrived at the clinic. Second, an expert testified that—if these detention officers were correct—Hinton would almost certainly have continued to have trouble breathing even after arriving at the clinic. Third, Cooper nevertheless testified that Hinton was "breathing normally" when he arrived at the clinic, and she treated him accordingly—namely, by obeying Hinton's request not to be treated at all. And fourth, Cooper's narrative is in some ways inconsistent with detention officers' accounts of the relevant events. The plaintiffs say these contentions raise a genuine issue of material fact "regarding [Cooper's] veracity or truthfulness." And they say Cooper was deliberately indifferent to the risk that Hinton would suffer serious harm.

To the extent the plaintiffs argue that there is a fact issue as to Cooper's honesty, they fail to connect the alleged dishonesty with a constitutional violation. Dishonesty does not *ipso facto* violate the federal Constitution. *See Cleveland*, 938 F.3d at 676 (listing the elements of a deliberate-indifference claim). To the extent they argue Cooper gave Hinton inadequate medical care, they fail to explain how Cooper's behavior was anything more than a misdiagnosis. And "[i]t is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference." *Domino*, 239 F.3d at 756. Nor have the plaintiffs shown that Cooper had any subjective awareness of a serious risk to Hinton. *See id.* Thus, viewing the facts in the light most favorable to the plaintiffs and drawing all reasonable inferences in their favor, *see Loftin*, 33 F.4th at 779, we cannot

conclude Cooper violated the Fourteenth Amendment, *see Domino*, 239 F.3d at 756.

## B.

The plaintiffs also contend—seemingly as a standalone point—that Harris County's policy of allowing LVNs to perform triage violated Hinton's constitutional rights. That argument fails because our precedent requires an underlying constitutional violation for *Monell* liability. The *en banc* court explained in *Hare v. City of Corinth*, 74 F.3d 633 (1996):

> Our opinion in this case makes clear that to prove an underlying constitutional violation in an individual or episodic acts case, a pre-trial detainee must establish that an official acted with subjective deliberate indifference. Once the detainee has met this burden, she has proved a violation of her rights under the Due Process Clause. To succeed in holding a municipality accountable for that due process violation, however, the detainee must show that the municipal employee's act resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference to the detainee's constitutional rights.

*Id.* at 649 n.4 (emphases omitted); *see also Perniciaro v. Lea*, 901 F.3d 241, 259 (5th Cir. 2018) ("[W]ithout an underlying constitutional violation—of which we have found none—there can be no supervisory liability."); *Rios v. City of Del Rio*, 444 F.3d 417, 425–26 (5th Cir. 2006) (similar, and explaining that the same standards apply in both supervisory-liability and municipal-liability cases).

The district court relied on that rule and held the plaintiffs' failure to show a violation by either Morehouse or Cooper was the end of their § 1983 claim. The plaintiffs' briefing does not challenge the applicable precedent in any way. Nor does it explain how, as a matter of principle, a county's policy could violate constitutional rights even in the absence of any violation by someone acting on behalf of the county. Thus, the plaintiffs have forfeited

any such argument. *See Rollins v. Home Depot USA, Inc.*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal—or by failing to adequately brief the argument on appeal."). That means the plaintiffs' failure to show that Morehouse, Cooper, or anyone else violated Hinton's rights dooms their claim against Harris County. *See Hare*, 74 F.3d at 649 n.4.

## C.

Finally, the plaintiffs argue the district court abused its discretion by granting them leave to file some amendments to their operative complaint but denying them leave to file a different amendment to the complaint. Plaintiffs' briefing on this score is somewhat unclear. But the gravamen is that, because of the district court's decisions, the operative complaint ended up including an Eighth Amendment claim and *not* a Fourteenth Amendment claim.[†]

We doubt the district court abused its discretion—in fact, the district court charitably analyzed the operative complaint *as if* it had contained a Fourteenth Amendment claim, despite the fact that it did not. And regardless, we need not decide whether the district court abused its discretion in its leave-to-amend decisions. Harris County is entitled to summary judgment on the plaintiffs' *Monell* claim in any event. *See supra*, Part II.A–B. That means the district court got the judgment right. And there is no doubt that we can affirm a correct judgment. *See Davis v. Scott*, 157 F.3d

---

[†] The root of the confusion might be that the plaintiffs never actually *sought* leave to amend the final operative complaint. Below, the parties became perplexed about which complaint was which, so the district court eventually asked the plaintiffs to file a fifth amended complaint to set things straight once and for all. They did so. *That* complaint omitted the Fourteenth Amendment claim—but the plaintiffs never asked for leave to amend it. It is unclear how any of that is the district court's fault.

No. 21-20550

1003, 1005 (5th Cir. 1998) ("[T]his court may affirm a judgment upon any basis supported by the record.").

AFFIRMED.